**SO ORDERED.**

**SIGNED this 24 day of March, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ROBERT J. OGLE & PATRICIA L. OGLE | 05-51988-C |
| *DEBTOR S* | CHAPTER 7 |
| JOSEPHINE F. RUHL | |
| *PLAINTIFF* | |
| V. | ADV. NO. 05-5137-C |
| ROBERT J. OGLE | |
| *DEFENDANT* | |

**DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matter. For the reasons stated, the court GRANTS the motion for summary judgment.

This is an adversary complaint seeking that a debt be excepted from discharge under section 523(a)(3)(B). That provision excepts from discharge debts of a kind specified in paragraphs (2), (4) or (6) of section 523(a), if the claim of the plaintiff was not listed or scheduled in time to permit

timely filing of a request for a determination of dischargeability, unless the creditor had actual notice or knowledge of the case in time to make such a request. A bankruptcy court in this district has ruled that the plaintiff need not prove up the merits of its cause of action under paragraphs (2), (4), or (6). Plaintiff need only establish a colorable claim. *See In re Haga*, 131 B.R. 320, 327 (Bankr. W.D.Tex. 1991). This court finds that opinion persuasive, and will follow its holding.

The plaintiff's summary judgment motion adequately states a colorable claim for excepting the plaintiff's debt from discharge under section 523(a)(2)(A).[1] The defendant's responsive evidence fails to rebut that plaintiff has a *colorable* claim under section 523(a)(2). It also fails to rebut the assertion that the plaintiff lacked actual notice or knowledge of the bankruptcy to permit the plaintiff to timely file a complaint to determine dischargeability under section 523(a)(2).

For these reasons, summary judgment is GRANTED in favor of plaintiff.

### #

---

[1] The court rejects the contention of defendant in response that the summary judgment evidence is insufficient on evidentiary grounds. The affidavit is sufficient, even though it did not use the talismanic phrase "on personal knowledge" because the words that were used carry that import. The reliance on pleadings is valid summary judgment evidence when the pleadings in question are those of the defendant, because they are deemed admissions.